# EXHIBIT 1

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

ASP Global, LLC,

    Plaintiff,

v.

Duke Healthcare Consulting, LLC, Michael Padgett, individually, and Jake Truen, individually,

    Defendants.

Civil Action No. 2020CV342322

## COMPLAINT

Comes now ASP Global, LLC ("Plaintiff"), by and through its counsel, and hereby files its Complaint against Duke Healthcare Consulting, LLC ("DHC"), Michael Padgett ("Padgett") individually, and Jake Truen ("Truen") individually. DHC, Padgett, and Truen shall hereinafter collectively be referred to as "Defendants". Plaintiff is entitled to relief against Defendants, jointly and severally, for the reasons that follow.

1. Plaintiff is a healthcare supply and services company that supports leading hospitals and health systems by helping them access or custom-design medical and surgery supplies including medical gloves. Plaintiff's headquarters are located in Fulton County, Georgia at 3450 Atlanta Industrial Parkway, Atlanta, Georgia, 30331 and it is a Georgia limited liability company.

2. DHC is an Ohio limited liability company that holds itself out as a provider of medical gloves. DHC may be served with a Second Original Summons and Complaint through its registered agent, Michael Padgett, at 3597 Milton Avenue, Columbus, Ohio 43214.

3. Padgett is the President of DHC but is being sued in his individual capacity as a co-tortfeasor and co-conspirator with the other Defendants. Padgett may be served with a Second Original Summons and Complaint at 3597 Milton Avenue, Columbus, Ohio 43214.

4. Truen is an agent, co-tortfeasor, and co-conspirator with the other Defendants, holds himself out as a broker for medical gloves, and is being sued in his individual capacity. Truen may be served with a Second Original Summons and Complaint at 6515 Collins Ave., Apartment 1206, Miami Beach, Florida 33141.

5. This Complaint derives from a series of knowing and intentional misrepresentations made by Defendants to Plaintiff in Fulton County regarding the availability of medical gloves; a scheme orchestrated among all Defendants to separate Plaintiff from substantial funds over a series of their tactical lies; orders placed by Plaintiff in Fulton County for medical gloves as a result of Defendants' collective scheme; invoices shipped by Duke to Plaintiff in Fulton County for the medical gloves ordered by Plaintiff in Fulton County; wire payments made by Plaintiff to DHC from Fulton County for the medical gloves Plaintiff ordered from Fulton County; the absolute failure of Defendants to provide Plaintiff with any of the represented medical gloves despite Defendants' representations of immediate availability and Plaintiff's payment; and Defendants' collective failure to return any portion of the $647,901.50 provided by Plaintiff despite the above and Plaintiff's repeated demands. Plaintiff has been victimized by Defendants' collective scheme and as a result, Plaintiff has sustained substantial damages in Fulton County, Georgia.

6. Defendants transacted business in Fulton County and the claims asserted herein arise from Defendants' individual, joint, and collective business transactions which occurred and/or were intended to occur in Fulton County, Georgia. Defendants individually and collectively committed a tortious act or omission within Fulton County, Georgia. The scheme perpetrated by Defendants was carried out and caused harm to Plaintiff in Fulton County, Georgia.

7. Upon information and belief, Defendants each regularly perform or solicit business, or engage in persistent course of conduct, or derive substantial revenue from goods used or

consumed or services rendered (or attempted) in Georgia.

8. Defendants are each subject to the jurisdiction of this Court and venue is proper. OCGA § 9-10-91 et. seq.

## COUNT ONE
### Breach of Contract - DHC

9. Plaintiff was in the market for medical gloves in July of 2020.

10. DHC represented to Plaintiff that it could immediately provide $1,300,000.00 worth of medical gloves in July of 2020.

11. Plaintiff accepted DHC's offer and agreed to purchase $1,300,000.00 worth of medical gloves from Plaintiff on or about July 27, 2020, and provided DHC with $1,300,000.00.

12. DHC failed to provide Plaintiff with the promised medical gloves.

13. After repeated request by Plaintiff for a full refund, DHC returned $850,000.00 to DHC, leaving a balance of $450,000.00 in DHC's possession to go towards an order for medical gloves that DHC could satisfy.

14. Then, on August 20, 2020, DHC represented to Plaintiff that it had a new source for medical gloves. Plaintiff specifically asked Padgett, "have you seen the gloves so this is definite" and Padgett responded "Yes, This has my personal endorsement."

15. One week later, on August 27, 2020, DHC invoiced Plaintiff $195,000.00 and an additional $2,601.50 later that same date. That resulted in DHC holding $647,901.50 of Plaintiff's money for the purchase of immediately available medical gloves.

16. No medical gloves have been provided and DHC is in breach of the agreement to provide Plaintiff with $647,901.50 worth of medical gloves.

17. Plaintiff has made repeated demands for a refund of its $647,901.50 but DHC has refused all demands. Instead, Plaintiff was able to recall $171,822.42 through its own substantial

3

effort leaving a balance outstanding of $476,079.08.

18. DHC has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. OCGA § 13-6-11.

19. By virtue of the above, Plaintiff is entitled to judgment against DHC for breach of contract in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees.

## COUNT TWO
### Unjust Enrichment – DHC

20. Plaintiff restates and incorporates Paragraphs 1 - 19 of this Complaint as if fully set forth herein.

21. DHC received substantial benefits from Plaintiff for which Plaintiff has not been fully (or partially) compensated.

22. The circumstances make it unfair for DHC to retain any of the benefits received from Plaintiff without fairly compensating Plaintiff.

23. DHC has refused to fairly compensate Plaintiff for benefits received despite repeated demands.

24. DHC has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. OCGA § 13-6-11.

25. By virtue of the above, DHC is liable to Plaintiff for all of the uncompensated benefits DHC received from Plaintiff in such amount as is shown by the evidence at trial but which amount continues to accrue each day and is believed to far exceed $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees.

## COUNTY THREE
## Money Had And Received -DHC

26. Plaintiff restates and incorporates Paragraphs 1 - 25 of this Complaint as if fully set forth herein.

27. DHC received money belonging to Plaintiff that in equity and good conscience it should not be permitted to keep.

28. DHC has failed to return any portion of the $647,901.50 despite its failure to provide any of the promised medical gloves. Instead, Plaintiff was able to recall $171,822.42 through its own substantial effort leaving a balance outstanding of $476,079.08.

29. DHC has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. OCGA § 13-6-11.

30. By virtue of the above, DHC is liable to Plaintiff for such amount as is shown by the evidence at trial but believed to be not less than $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees.

## COUNTY FOUR
## Conversion – DHC

31. Plaintiff restates and incorporates Paragraphs 1 - 30 of this Complaint as if fully set forth herein.

32. DHC converted Plaintiff's funds for its use and benefit by exercising dominion over the $647,901.50 in defiance of Plaintiff's rights and wrongfully refused to return the funds. Plaintiff was able to recall $171,822.42 through its own substantial effort leaving a balance outstanding of $476,079.08.

33. As a direct result of DHC's conversion, Plaintiff has been damaged in the amount of, at least, $476,079.08.

34. DHC's wrongful conduct was intentional in that it took delivery of $647,901.50 and maintained possession of said amount with the conscious objective or desire to wrongfully, intentionally, maliciously, wantonly, and without privilege take and maintain the funds while depriving Plaintiff of the use and control of the funds – all without providing **any** of the promised medical gloves. Accordingly, DHC is liable to Plaintiff for punitive damages.

35. DHC has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. OCGA § 13-6-11.

36. By virtue of the above, DHC is liable to Plaintiff for such amount as is shown by the evidence at trial but believed to be not less than $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees. Plaintiff is also entitled to punitive damages in an amount decided by the enlightened conscience of an impartial jury.

## COUNT FIVE
### Promissory Estoppel – DHC and Padgett

37. Plaintiff restates and incorporates Paragraphs 1 - 36 of this Complaint as if fully set forth herein.

38. DHC and Padgett specifically promised to Plaintiff that the subject medical gloves were available and when asked by Plaintiff "have you already seen the gloves so this is definite," Padgett responded "Yes. This has my personal endorsement."

39. DHC and Padgett should reasonably have expected that Plaintiff would not have provided DHC with the $647,901.50 in absence of their promise that the gloves were available.

40. DHC and Padgett's promise induced Plaintiff to provide $647,901.50 to DHC. Plaintiff was able to recall $171,822.42 through its own substantial effort leaving a balance outstanding of $476,079.08.

6

41. Plaintiff justifiably relied upon DHC's and Padgett's promises and representations.

42. DHC and Padgett have acted in bad faith, been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. OCGA § 13-6-11.

43. By virtue of the above, DHC and Padgett are jointly and severally liable to Plaintiff for such amount as is shown by the evidence at trial but believed to be not less than $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees.

## COUNT SIX
## Fraud – All Defendants

44. Plaintiff restates and incorporates Paragraphs 1 - 43 of this Complaint as if fully set forth herein.

45. Defendants individually, jointly, and collectively committed fraud against Plaintiff by knowingly, purposefully, maliciously, wantonly, and intentionally making false representations to Plaintiff about the present availability of medical gloves.

46. DHC and Padgett falsely represented to Plaintiff that medical gloves were presently and immediately available before Plaintiff provided DHC with $1,300,000.00.

47. DHC and Padgett falsely represented to Plaintiff that medical gloves were presently and immediately available before Plaintiff provided DHC with $195,000.00.

48. DHC and Padgett falsely represented to Plaintiff that medical gloves were presently and immediately available before Plaintiff provided DHC with $2,601.50.

49. DHC's and Padgett's false statements were made knowingly, purposefully, maliciously, wantonly, and intentionally for the sole basis of inducing Plaintiff to make the above-referenced payments.

50. Plaintiff justifiably relied upon each false statement DHC and Padgett made about the present and immediate availability of medical gloves and, as a result, Plaintiff provided the sums of

$1,300,000.00, $195,000.00, and $2,601.50, respectively.

51. After Plaintiff provided the sums of $1,300,000.00, $195,000.00, and $2,601.50, Truen sent Plaintiff a photo of the medical gloves which were to be immediately provided.

52. Truen confirmed that he was working with DHC and Padgett to provide Plaintiff with the medical gloves. All Defendants were working together.

53. Plaintiff received zero medical gloves from Defendants in exchange for the above sums.

54. After Plaintiff provided the sums of $1,300,000.00, $195,000.00, and $2,601.50, Truen sent Plaintiff a copy of a document purporting to show him wiring $200,000.00 to DHC as a partial refund of Plaintiff's money.

55. Plaintiff never received any portion of that $200,000.00. Plaintiff was able to recall $171,822.42 through its own substantial effort leaving a balance outstanding of $476,079.08.

56. Defendants have acted in bad faith, been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. OCGA § 13-6-11.

57. By virtue of the above, Defendants are jointly and severally to Plaintiff for such amount as is shown by the evidence at trial but believed to be not less than $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees. Defendants are also jointly and severally liable to Plaintiff for punitive damages in an amount decided by the enlightened conscience of an impartial jury.

## COUNT SEVEN
### Georgia RICO – All Defendants

58. Plaintiff restates and incorporates Paragraphs 1 - 57 of this Complaint as if fully set forth herein.

59. Under the Georgia RICO Act, "It is unlawful for any person through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property or personal property of any nature, including money." O.C.G.A. § 16-14-4(a).

60. Defendants acquired, maintained and asserted control over $647,901.50 of Plaintiff's money through a pattern of racketeering activity.

61. Georgia's RICO Act makes it unlawful for any person employed by or associated with an enterprise to conduct or participate in a pattern of racketeering activity. O.C.G.A. § 16-14-4(b).

62. Padgett and Truen are employed by or associated with DHC and together all three formed an enterprise to conduct a pattern of racketeering activity. The purpose of this RICO Enterprise was to knowingly, intentionally, purposely, maliciously, and wantonly extract money from Plaintiff in exchange for zero value.

63. Georgia's RICO Act makes it unlawful for any person to conspire or endeavor to violate the provisions of O.C.G.A. § 16-4-4(a)-(b).

64. Defendants have conspired to conduct an enterprise in violation of O.C.G.A. § 16-4-4(a)-(b).

65. Engaging in a pattern of Racketeering Activity is defined as engaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents. O.C.G.A. § 16-14-3.

66. Acts that constitute Racketeering Activity are enumerated in O.C.G.A. § 16-14-3(4).

67. Defendants predicate acts include, but are not limited to Theft By Taking which is predicate act under O.C.G.A. § 16-14-3(5)(A)(xii).

68. O.C.G.A. § 16-8-2 describes the offense of Theft by Taking as follows:

> A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated. O.C.G.A. § 16-8-2.

69. Defendants committed the offense of Theft By Taking by scheming together to (i) take and then deprive Plaintiff of $1,300,000.00 when Defendants knew they did not have the represented medical gloves (Defendants eventually did return $850,000.00 of the $1,300,000.00); (ii) take and then deprive Plaintiff of $195,000.00 when Defendants knew they did not have the represented medical gloves, **and** (iii) take and then deprive Plaintiff of $2,601.50 when Defendants knew they did not have the represented medical gloves.

70. Defendants predicate acts include, but are not limited to Theft By Deception which is predicate act under O.C.G.A. § 16-14-3(5)(A)(xii).

71. O.C.G.A. § 16-8-3 describes the offense of Theft By Deception as follows:

> (a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property.
> (b) A person deceives if he intentionally:
> (1) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false;
> (2) Fails to correct a false impression of an existing fact or past event which he has previously created or confirmed;
> (3) Prevents another from acquiring information pertinent to the disposition of the property involved . . . O.C.G.A. § 16-8-3.

72. Defendants committed the offense of Theft By Deception by scheming together to (i) obtain $1,300,000.00 from Plaintiff by deceitful means with the intention of depriving Plaintiff of those funds (Defendants eventually did return $850,000.00 of the $1,300,000.00); (ii) obtain

$195,000.00 from Plaintiff by deceitful means with the intention of depriving Plaintiff of those funds, **and** (iii) obtain $2,601.50 from Plaintiff by deceitful means with the intention of depriving Plaintiff of those funds.

73. Defendants committed the offense of Theft By Deception by scheming together to (i) create and then confirm Plaintiff's impression that $1,300,000.00 of medical gloves were available for delivery, failing to correct that false impression, and preventing Plaintiff from acquiring information pertinent to the existence and possible disposition of those gloves (Defendants eventually did return $850,000.00 of the $1,300,000.00); (ii) create and then confirm Plaintiff's impression that $195,000.00 of medical gloves were available for delivery, failing to correct that false impression, and preventing Plaintiff from acquiring information pertinent to the existence and possible disposition of those gloves; **and** (iii) create and then confirm Plaintiff's impression that $2,601.50 of medical gloves were available for delivery, failing to correct that false impression, and preventing Plaintiff from acquiring information pertinent to the existence and possible disposition of those gloves.

74. Defendants predicate acts include, but are not limited to Theft By Conversion which is predicate act under O.C.G.A. § 16-14-3(5)(A)(xii).

75. O.C.G.A. § 16-8-4 describes the offense of Theft By Conversion as follows:

> A person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another including, but not limited to, leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation. This Code section applies whether the application or disposition is to be made from the funds or property of another or from the accused's own funds or property in equivalent amount when the agreement contemplates that the accused may deal with the funds or property of another as his own. O.C.G.A. § 16-8-4.

76. Defendants committed the offense of Theft By Conversion by scheming together to (i) convert the $1,300,000.00 provided by Plaintiff for Defendants' own use without applying those funds towards the provision of medical gloves for Plaintiff's benefit as was required by agreement and legal obligation (Defendants eventually did return $850,000.00 of the $1,300,000.00); (ii) convert the $195,000.00 provided by Plaintiff for Defendants' own use without applying those funds towards the provision of medical gloves for Plaintiff's benefit as was required by agreement and legal obligation; **and** (iii) convert the $2,601.50 provided by Plaintiff for Defendants' own use without applying those funds towards the provision of medical gloves for Plaintiff's benefit as was required by agreement and legal obligation.

77. Defendants predicate acts include, conduct defined as "racketeering activity" under 18 U.S.C. Section 1961 (1), any violation of 18 U.S.C. Section 1028, or any violation of 31 U.S.C. Sections 5311 through 5330. O.C.G.A. § 16-14-3(5)(C). This includes Wire Fraud.

78. 18 U.S.C.A. § 1343 defines the offense of Wire Fraud as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. 18 U.S.C.A. § 1343.

79. Defendants committed the offense of Wire Fraud by scheming together to (i) cause Plaintiff to transmit to DHC $1,300,000.00 via wire in interstate commerce towards the provision of medical gloves which were never provided (Defendants eventually did return $850,000.00 of the $1,300,000.00); (ii) cause Plaintiff to transmit to DHC $195,000.00 via wire towards the provision of medical gloves which were never provided; (iii) cause Plaintiff to transmit to DHC $2,601.50 via wire towards the provision of medical gloves which were never provided; **and** (iv) represent to

Plaintiff that $200,000.00 was being wired from Truen to DHC as a partial rebate which was never provided to Plaintiff.

80. There are other predicate acts being investigated.

81. These multiple illegal acts have been taken as part of an ongoing pattern of racketeering activity designed to appropriate money from Plaintiff in exchange for absolutely no value.

82. Plaintiff was able to recall $171,822.42 through its own substantial effort leaving a balance outstanding of $476,079.08. Based on the foregoing, Plaintiff is entitled to an award against Defendants, jointly and severally, of not less than $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees plus three times its actual damages.

## COUNTY EIGHT
## Attorneys' Fees – All Defendants

83. Plaintiff restates and incorporates Paragraphs 1 - 82 of this Complaint as if fully set forth herein.

84. Plaintiff should be awarded its attorneys' fees and expenses of litigation from Defendants, jointly and severally, pursuant to OCGA § 13-6-11 because Defendants have been stubbornly litigious, have acted in bad faith, and have caused Plaintiff unnecessary trouble and expense.

WHEREFORE, Plaintiff ASP Global, LLC prays for the following relief:

A. That process issue and service be had upon Defendants as provided by law;

B. As to Count One, for judgment against Duke Healthcare Consulting, LLC for breach of contract in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees;

C. As to Count Two, for judgment against Duke Healthcare Consulting, LLC for unjust enrichment in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees;

D. As to Count Three, for judgment against Duke Healthcare Consulting, LLC for money had and received in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees;

E. As to Count Four, for judgment against Duke Healthcare Consulting, LLC for conversion in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, reasonable attorney's fees, and punitive damages in an amount decided by the enlightened conscience of an impartial jury;

F. As to Count Five, for judgment against Duke Healthcare Consulting, LLC, and Michael Padgett, jointly and severally, for promissory estoppel in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, and reasonable attorney's fees;

G. As to Count Six, for judgment against Duke Healthcare Consulting, LLC, Michael Padgett, and Jake Truen, jointly and severally, for fraud in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, reasonable attorney's fees, and punitive damages in an amount decided by the enlightened conscience of an impartial jury;

H. As to Count Seven, for judgment against Duke Healthcare Consulting, LLC, Michael Padgett, and Jake Truen, jointly and severally, for Georgia RICO in the amount of $476,079.08 plus interest, costs of court, expenses of litigation, reasonable attorney's fees, and three times the awarded actual damages;

I. As to Count Eight, for judgment against Duke Healthcare Consulting, LLC, Michael Padgett, and Jake Truen, jointly and severally, for Plaintiff's attorney's fees pursuant to OCGA §13-6-11; and

J. For all other and further relief to which this Court may deem just and proper.

This 9th day of November, 2020.

/s/ Steven R. Press
Steven R. Press
Georgia Bar No. 587199
spress@bakerdonelson.com
Phillip L. Parham, III
Georgia Bar No. 942874
pparham@bakerdonelson.com
*Counsel for Plaintiff ASP Global, LLC*

BAKER DONELSON BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Road, N.E.
Suite 1600
Atlanta, GA 30326-1164
Tel: 404.221.6534
Fax: 404.238.9634

Fulton County Superior Court
***EFILED***TV
Date: 11/9/2020 1:54 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY
# STATE OF GEORGIA

ASP Global, LLC,

    Plaintiff,

v.

Duke Healthcare Consulting, LLC, Michael Padgett, individually, and Jake Truen, individually,

    Defendants.

Civil Action No. 2020CV342322

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

> Steven R. Press
> BAKER DONELSON BEARMAN
> CALDWELL & BERKOWITZ, PC
> Monarch Plaza, Suite 1500
> 3414 Peachtree Road, NE
> Atlanta, GA 30326
> Telephone: (404) 577-6000

An answer to the complaint which is herewith served upon you, **within 30 days after the service of this summons upon you,** exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR RELIEF DEMANDED IN THE COMPLAINT.**

Dated: 11/9/2020

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

By: _____
    Deputy Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of __Fulton__ County

**For Clerk Use Only**

Date Filed __11/9/2020__  Case Number __2020CV342322__
MM-DD-YYYY

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| ASP Global, LLC | Duke Healthcare Consulting, LLC |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
|  | Padgett, Michael |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
|  | Truen, Jake |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
|  |  |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney** __Steven R. Press__   **State Bar Number** __587199__   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☑ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number                     Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Court
***EFILED***TB
Date: 11/25/2020 9:22 AM
Cathelene Robinson, Clerk

# AFFIDAVIT OF SERVICE

**State of Georgia**  **County of Fulton**  **Superior Court**

Case Number: 2020CV342322

Plaintiff:
**ASP Global, LLC**

vs.

Defendant:
**Duke Healthcare Consulting, LLC, Michael Padgett, individually, and Jake Truen, individually**

For:
Steven Press
Baker Donelson

Received by Ancillary Legal Corporation to be served on **Michael Padgett, 3597 Milton Avenue, Columbus, OH 43214**.

I, Rodney VanBrimmer, being duly sworn, depose and say that on the **21st day of November, 2020** at **4:24 pm**, I:

**SUBSTITUTE** served by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Sally Padgett** as **spouse** at the address of: **3597 Milton Avenue, Columbus, OH 43214**, the within named person's usual place of **Abode**, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 38, Sex: F, Race/Skin Color: Caucasian, Height: 5'9", Weight: 150, Hair: Blonde, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action.

TERI MICHELE OWENS
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 10/29/24

Subscribed and Sworn to before me on the 24 day of November, 2020 by the affiant who is personally known to me by presenting photo identification.

_____
NOTARY PUBLIC

_____
**Rodney VanBrimmer**

**Ancillary Legal Corporation**
2900 Chamblee Tucker Road, Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2020008750
Ref: 2925852-000009

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1x



# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Georgia** | **County of Fulton** | **Superior Court** |

Case Number: 2020CV342322

Plaintiff:
**ASP Global, LLC**

vs.

Defendant:
**Duke Healthcare Consulting, LLC, Michael Padgett, individually, and Jake Truen, individually**

For:
Steven Press
Baker Donelson

Received by Ancillary Legal Corporation to be served on **Duke Healthcare Consulting, LLC c/o Michael Padgett, Registered Agent, 3597 Milton Avenue, Columbus, OH 43214**

I, Rodney VanBrimmer, being duly sworn, depose and say that on the **25th day of November, 2020** at **11:21 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Michael Padgett** as **Registered Agent** for **Duke Healthcare Consulting, LLC**, at the address of: **3597 Milton Avenue, Duke Healthcare Consulting, LLC, Columbus, OH 43214**, and informed said person of the contents therein, in compliance with state statutes.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 50, Sex: M, Race/Skin Color: Caucasian, Height: 5'11", Weight: 200, Hair: Black, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 27 day of November, 2020 by the affiant who is personally known to me by presenting photo identification.

_____
NOTARY PUBLIC

TERI MICHELE OWENS
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 10/31/24

_____
**Rodney VanBrimmer**

**Ancillary Legal Corporation**
2900 Chamblee Tucker Road, Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2020008749
Ref: 2925852-000009

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1x

